UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

**GARY W. WILKS**                                **CIVIL ACTION NO. 07-1229**

**VS.**                                                           **JUDGE HAIK**

**MICHAEL J. ASTRUE, Commissioner**        **MAGISTRATE JUDGE METHVIN**
**Social Security Administration**

### *ORDER*

Before the court is a Petition for Attorney Fees filed by appellant Gary W. Wilks pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Rec. Doc. 8). The motion is unopposed.[1]

Wilks seeks a total of $2306.25 in fees at the rate of $125.00 per hour for 18.45 hours. In support of this request, Wilks' counsel, William R. Mustian, III, submitted a petition describing the services performed on behalf of his client and the time billed in connection with each task in minimal increments of .10 hours.

On April 13, 2009, the court issued an order stating its intention to implement an hourly rate of $150.00 per hour for legal services performed in 2008 forward for this and future petitions, and allowing the parties to file briefs on the issue. The government filed the sole response. (Rec. Doc. 21).

---

[1] Wilks filed an application for supplemental security income benefits on August 4, 2004. After Wilks' application was denied initially, he requested a hearing before an Administrative Law Judge, who issued an unfavorable ruling. Wilks' request for review was denied by the Appeals Council, and he subsequently filed a federal appeal of the ALJ's decision in this court on July 30, 2007. On November 21, 2008, the court adopted the undersigned's report and recommendation, reversing the Commissioner's decision and remanding the case for further evaluation and awarding Wilks a closed period of benefits. Wilks' application for attorney fees followed.

### *Guidelines for Attorneys' Fees and Expenses Calculation*

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Act thus places the burden on the Commissioner to show that the stated statutory exceptions make an award of fees and expenses inappropriate. Martin v. Heckler, 754 F.2d 1262, 1264 (5th Cir. 1985). A party who wins a sentence-four remand is a prevailing party. Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993); Breaux v. United States Department of Health and Human Services, 20 F.3d 1324 (5th Cir. 1994). Since Wilks is a prevailing party, and the Commissioner does not oppose an award of fees, I find that an award of fees is appropriate.

Under the Social Security Act, an attorney representing a claimant in a successful past-due benefits claim is entitled to a reasonable fee to compensate such attorney for the services performed by him in connection with such claim, not to exceed 25 percent of the total of the past-due benefits recovered. 42 U.S.C. §§406(a), (b)(1). The "lodestar" approach has been adopted by the Fifth Circuit for calculating reasonable attorneys' fees in social security cases. Brown v. Sullivan, 917 F.2d 189, 191 (5th Cir. 1990). The starting point under this approach is the number of attorney hours reasonably expended on litigation multiplied by a reasonable hourly rate. Id. at 192; Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The attorney's usual non-contingent hourly rate or the prevailing market rate charged in the relevant community for similar legal services are measures typically used as a first approximation of the reasonable hourly rate. Brown, 917 F.2d at 192.

Once determined, the product of this calculation, or the "lodestar," may be adjusted upward or downward based on the court's consideration of the circumstances surrounding the case. Id. This process is guided by the twelve factors set forth by the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Mid-Continent Casualty Company v. Chevron Pipe Line Company, 205 F.3d 222, 232 (5th Cir. 2000). The twelve Johnson factors include: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19. The Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors, and the Fifth Circuit has held that "[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts." Walker v. U. S. Department of Housing and Urban Development, 99 F.3d 761, 771-72 (5th Cir. 1996); Alberti v. Klevenhagen, 896 F.2d 927, 936 (5th Cir.), *modified on other grounds*, 903 F.2d 352 (5th Cir. 1990), citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986).

***Reasonable Hourly Rate***

The EAJA provides that attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $125 per

hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted). Although courts are clearly authorized to figure cost of living increases into the hourly rate, heretofore, courts within this district have regularly declined to award EAJA fees in excess of $125 per hour. *See e.g., Richards v. Astrue*, 2008 WL 4544374 (W. D. La. Oct. 7, 2008) (and cases cited therein). However, when a given locale has experienced a significant change in the cost of living, the court should increase the hourly rate beyond the nominal statutory cap. *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation." *Id*.

According to the undersigned's rudimentary calculations, the cost of living in this area has increased between 34 and 38.28 percent between March 1996 when the $125 cap was implemented, and December 2008. *See, Richards, supra* (claimant argued that CPI increased by 34.89 percent through December 2007).[2] This change is not insignificant. Increasing the $125

---

[2] In Zamora v. Astrue, the court calculated the cost of living adjustment by comparing the Consumer Price Index ("CPI") for March 1996, the year in which the $ 125 EAJA rate became effective, with the CPI for the period when the services were rendered. Zamora v. Astrue, 2009 WL 311312 *6, n1 (S. D. Tex. Feb. 9, 2009). To discern the percentage CPI increase, the court subtracted the March 1996 CPI for All Urban Consumers (155.7) from the then current CPI and divided the difference by the March 1996 CPI for All Urban Consumers (155.7). Id.

In the case sub judice, the March 1996 CPI for all Urban Consumers in the South was 152.4; the annual 2008 CPI for All Urban Consumers was 215.303, and the annual 2008 CPI for all Urban Consumers in the South

statutory cap by 34 to 38.28 percent would result in an hourly rate of $167.50 to $172.85. Absent other circumstances, however, the original $ 125 per hour reflected the *maximum* rate to be awarded under the EAJA. Thus, the CPI adjusted rate range of $167.50 to $172.85 contemplates the maximum rate that could be awarded today -- assuming the court's calculations are correct. *Baker, supra* (increased rate may never exceed the percentage by which the market rate increased since statute enacted).

    Upon due consideration of prevailing market conditions and the healthy community of social security practitioners in this area, the court will implement an hourly rate of $150 per hour for legal services performed in 2008 forward for this petition. *See, Brown v. Astrue*, 2008 WL 4186877 (E.D. La. Sept. 9, 2008) (settling upon an hourly rate of $150).

### ***Reasonable Hours Expended***

The Commissioner does not oppose the number of hours claimed by the claimant's attorney. Furthermore, the undersigned concludes that 18.45 is a reasonable number of hours to expend on this type of case.

### ***Johnson Analysis***

The next step requires that the court analyze the twelve Johnson factors to determine if the lodestar requires adjustment. A listing of the factors and analysis of each factor as it applies in this case follow: (1) Time and labor involved: the lodestar adequately compensates time and labor involved; (2) Novelty and difficulty of the questions: similar issues in this case have been

---

was 208.681. See, http://data.bls.gov/cgi-bin/surveymost?cu. Depending on whether the national or southern CPI's are used, or a combination thereof, the CPI has increased by 34.03 percent (208.681-155.7 / 155.7); 38.28 percent (215.303-155.7 / 155.7); or 36.93 percent (208.681-152.4 / 152.4) since March 1996. This CPI change would increase the $ 125 cap to between $ 167.54 and $ 172.85.

previously addressed by this court; (3) The skill required to perform the legal services properly: the hourly rate adequately compensates counsel for the level of skill required to handle this case competently; (4) Preclusion of other employment: no evidence was offered to establish that this case precluded handling of other cases; (5) Customary fee: as previously discussed, other decisions rendered in this District indicate that the hourly rate awarded in social security cases in this area is the generally accepted fee of $125.00 per hour through December, 2007and $150.00 forward.³ The undersigned finds these rates to be appropriate in this case; (6) Fixed or contingent fee: this case was billed on an hourly basis; thus, this factor does not justify adjustment;⁴ (7) Time limitations: no evidence was adduced on this point;⁵ (8) The time involved and the results obtained: this matter was resolved approximately a year and four months after the complaint was filed; however, as the Supreme Court has greatly limited the use of this factor, and no specific evidence has been introduced in support, the lodestar requires no adjustment. Walker, 99 F.3d at 771; (9) The experience, reputation and ability of counsel: the undersigned notes that counsel presented valid arguments which resulted in the matter being reversed and remanded; the lodestar, however, adequately compensates for this factor; (10) The undesirability of the case: no evidence was adduced on this point; (11) The nature and length of the professional relationship with the client: no evidence was adduced on this point; (12) Awards in similar cases: Counsel has not cited any in the motion for attorney's fees. The lodestar is presumptively reasonable and should be

---

³ The Commissioner to a rate of $150 for work performed in 2008 forward; however, it specifically objects to this rate for any services performed prior to 2008. As discussed, this formula will be applied in this case.

⁴ In Walker, 99 F.3d at 772, the Fifth Circuit noted that the Supreme Court has barred any use of the sixth factor. See, City of Burlington v. Dague, 505 U.S. 557, 567, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 320 (5th Cir.), *cert. denied*, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

⁵The seventh factor is subsumed in the number of hours reasonably expended. Walker, 99 F.3d at 772.


modified only in exceptional cases. City of Burlington, 112 S.Ct. at 2641. This is not such a case; the lodestar requires no adjustment.

For the foregoing reasons,

**IT IS ORDERED** that the Petition for Attorney's Fees and Expenses is **GRANTED** in the amount of $2361.25, 2.2 hours at the rate of $150.00 in 2008, and 1625.00 hours at the rate of $125.00 in 2007.

**IT IS FURTHER ORDERED** that the sum of $2361.25 is awarded to Wilks as an EAJA fee. The Commissioner of the Social Security Administration shall forward a check payable to Gary W. Wilks in the amount of $2361.25 pursuant to 28 U.S.C. §2412(d)(1)(A) within forty-five days of this date.

Signed at Lafayette, Louisiana, on June 19, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)